UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 2000 P Street NW, Suite 240 Washington, D.C. 20036<br><br>  Plaintiff,<br><br>  v.<br><br>BUREAU OF LAND MANAGEMENT 1849 C St. NW, RM. 5665 Washington, DC 20240<br><br>  Defendant. | Civil Action #<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, in order to compel the Bureau of Land Management, ("BLM" or "Defendant"), a Bureau of the Department of the Interior, to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA requests.

2. Defendant's statutory production period expired and it failed to produce any records in response to Plaintiff's two FOIA requests sent via U.S. mail, fax, and email dated February 14, 2014 and April 18, 2014.

3. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national

commitment to ensuring an open Government" and directs agencies to "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

4. Plaintiff is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of the federal government.

5. On February 14, 2014, PEER's FOIA request sought records summarizing incidents of violence or threats against BLM employees that occurred between January 1 and December 31, 2013.  PEER requested that the summary include the date, location, and nature of the incident or threat together with a summary of what, if any, outcomes stemmed from the incident (e.g., arrest, conviction, ongoing investigation).

6. On April 18, 2014, PEER sought records related to BLM's activities concerning Cliven Bundy, a rancher at the center of a much-publicized dispute with BLM regarding grazing fees owed for the use of BLM land for cattle grazing.  Specifically, the records requested related to BLM's attempted roundup and impoundment of Bundy's cattle on BLM land after Bundy failed to abide by a court order to remove them. See United States v. Bundy, 2013 U.S. Dist. LEXIS 95294 (D. Nev. July 9, 2013).  Namely, PEER requested (1) all decision documents related to the decision to call off the roundup of Mr. Bundy's trespassing cattle, (2) documents describing the disposition of cattle collected by BLM in that removal action, (3) any directives issued after April 1, 2014 by BLM to its subunits concerning protocols or advisories for handling similar incidents of armed resistance to lawful orders or other livestock trespass situations, and (4) any cautions or advisories issued to BLM employees since April 1, 2014 concerning personal safety.

7. Defendant's failure to provide any responsive documents is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  This conduct frustrates the public's right to

know how the Defendant (1) attempts to protect its public resource employees from violence and intimidation and (2) executes its statutory duty to manage public land in charged situations such as the Bundy incident, where threats against Defendant employees caused it to soften its response to Mr. Bundy's grazing violations.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in its FOIA requests as well as other appropriate relief.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. This Court is a proper venue because Plaintiff resides in the District of Columbia.  *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

12. This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13. Plaintiff, PEER, is a non-profit public interest organization, with its main office located in Washington, D.C., and field offices located in California, Colorado, Florida, Massachusetts, Arizona, New Jersey, and Tennessee.

14. PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(iii) (2009).  Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues.  PEER focuses on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

15. Informing the public about these important public policy issues is central to PEER's mission.  PEER educates and informs the public through news releases to the media, its web site, www.peer.org, which draws between 1,000 and 10,000 viewers per day, and its newsletter which has a circulation of approximately 20,000, including 1,500 environmental journalists.

16. Defendant, BLM, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.  Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## FACTS

### Violence and Intimidation Against BLM Employees

18. BLM employees effectuate their agency's mission "[t]o sustain the health, diversity, and productivity of America's public lands for the use and enjoyment of present and future generations." About the BLM, Bureau of Land Mgmt. (June 11, 2014), http://www.blm.gov/wo/st/en/info/About_BLM.html.

19. BLM employees service more than 245 million acres of land, an area found largely across 12 western states.  Additionally, the Bureau manages over 700 million acres of sub-surface

mineral estate beneath federal and non-federal lands. Regulating public land for energy development, livestock grazing, recreation, and timber harvesting, BLM employees face threats of violence and intimidation from many sources, including landowners near BLM-managed land and groups sympathetic to the cause of limiting BLM's control over land and sub-surface estate.

20. Plaintiff's FOIA request, dated and submitted to Defendant on February 14, 2014, sought records related to Defendant's records and/or documents concerning acts of violence or threats against Defendant's employees. Specifically, Plaintiff requested a summary of all incidents of violence or threats against Defendant's employees that occurred between January 1 and December 31, 2013. Plaintiff asked that the summary include the date, location, and nature of the incident or threat together with a summary of what, if any, outcomes stemmed from the incident or threat (e.g., arrest, conviction, ongoing investigation).

21. Plaintiff believes that disclosure of the requested information will offer the public a better understanding of how Defendant ensures the safety of its employees as they manage its lands and sub-surface estates.

22. Plaintiff's request would help serve the general public by providing more information on the true dimensions of, and motivations for, confrontations with BLM employees.

23. To date, Plaintiff has not received any records responsive to its February 14, 2014 request, and Defendant has not given any indication that production is imminent.

24. Plaintiff has afforded Defendant ample time beyond that which is legally required to respond to the request. Nearly four months have passed since Plaintiff submitted its

February 14, 2014 FOIA request to Defendant; the twenty work-day time frame for responding to FOIA requests has expired.

25. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative remedies.

26. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

### BLM Action Regarding Cliven Bundy

27. BLM allows ranchers to let their herds graze on BLM land for a fee. After over two decades of conflict, including multiple court actions, cattle rancher Cliven Bundy faced penalties for not paying overdue grazing fees.

28. In July of 2013, when Bundy did not pay overdue grazing fees for his herds that fed on new sections of BLM-managed land, the U.S. District Court for Nevada granted a summary judgment in favor of BLM and called for Bundy to "remove his livestock from the New Trespass Lands within 45 days of the date hereof, and that the United States is entitled to seize and remove to impound any of Bundy's cattle that remain in trespass after 45 days of the date hereof." United States v. Bundy, 2013 U.S. Dist. LEXIS 95294, at 7 (D. Nev. July 9, 2013).

29. Following noncompliance with the 45-day warning, BLM prepared to roundup cattle found on BLM's lands in April of 2014. Increasing media coverage of the pending action led many to travel to the relevant land to join Bundy in protesting Defendant's proposed action.

30. On April 12, 2014, BLM called off the roundup of the cattle owned by Bundy found on public land.  BLM cited safety concerns for its employees as a reason for stopping the action.

31. Plaintiff's FOIA request, dated and submitted to Defendant on April 18, 2014, sought records related to Defendant's attempted roundup and impoundment of rancher Cliven Bundy's cattle.

32. Plaintiff's April 18, 2014 request specifically sought: (1) all decision documents related to the decision to call off the roundup of Mr. Bundy's trespassing cattle, (2) documents describing the disposition of cattle collected by Defendant in that removal action, (3) the number of criminal referrals BLM made to the U.S. Department of Justice arising out of this operation/incident and for which offenses, (4) any directives issued after April 1, 2014 by Defendant to its subunits concerning protocols or advisories for handling similar incidents of armed resistance to lawful orders or other livestock trespass situations, and (5) any cautions or advisories issued to Defendant employees since April 1, 2014 concerning personal safety.

33. Plaintiff's request would help serve the public because the records sought are the very information which Defendant used in making a decision on a nationally prominent resource enforcement action.  The public also deserves to know whether and how the agency is changing its approach to handling charged situations such as the Bundy incident.

34. Plaintiff's request serves the broader public interest as all Americans have an interest in the hundreds of millions of acres of public lands subject to livestock grazing. Those lands belong to all Americans and the Defendant is charged with safeguarding those resources from theft or destruction.

35. To date, Plaintiff has not received any records responsive to its April 18, 2014 request, and Defendant has not given any indication that production is imminent.

36. Plaintiff has afforded Defendant ample time beyond that which is legally required to respond to the request.  Nearly two months have passed since Plaintiff submitted its April 18, 2014 FOIA request to Defendant; the twenty work-day time frame for responding to FOIA requests has expired.

37. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative remedies.

38. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

39. Plaintiff incorporates the allegations in paragraphs 1 through 38.

40. Defendant's failure to disclose the records requested under the FOIA requests sent February 14, 2014 and April 18, 2014 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Agency's own regulations promulgated thereunder.

### Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant has wrongfully withheld the requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: June 12, 2014

Respectfully submitted,

 /s/ _____
Paula Dinerstein, DC Bar # _333971____
Public Employees for Environmental Responsibility,
2000 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337
*Attorney for Plaintiff*